IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-587-FL

| | |
|---|---|
| JOHN THOMAS NACKAB,<br><br>    Plaintiff,<br><br>    v.<br><br>EARL R. BUTLER, SGT. TIM BRITT, C.L. HAMILTON, JOHN MCRAINEY, ROY COOPER, JOHN J. ALDRIDGE, III, ED GRANNIS, DEBRA K. PRICE, W. DAVID SMITH, SUE GENRICH BERRY, BETH RUPP, LELIA GOODE-EATMEN, ROSEMARY ZIMBERMAN, Dr. LAURA GUTMAN, JAMES FLOYD AMMONS, JR., SHARON R. SMITH, and KARA HODGES,<br><br>    Defendants. | **MEMORANDUM &**<br>**RECOMMENDATION** |

This pro se case is before the court for frivolity review of Plaintiff John Thomas Nackab's complaint [DE #1] pursuant to 28 U.S.C. § 1915A, the matter having been referred to the undersigned by the Honorable Louise Wood Flanagan, United States District Judge. For the reasons stated below, it is recommended that Plaintiff's claims be dismissed.

## DISCUSSION

### I. Standard for Frivolity Review

Pursuant to 28 U.S.C. § 1915A, the court is required to review a complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity and to dismiss any part of the action found to be

frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915A; *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive

2

arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

## II. Plaintiff's Claims

Plaintiff filed his complaint pursuant to 42 U.S.C. §§ 1983 and 1985(2) claiming that his Fourth, Sixth, and Fourteenth Amendment rights were violated. Plaintiff names the following seventeen defendants: (1) Sheriff Earl R. Butler of the Cumberland County Sheriff's Department; (2) Tim Britt of the Cumberland County Sheriff's Department; (3) C.L. Hamilton of the Cumberland County Sheriff's Department; (4) John McRainey of the Cumberland County Sheriff's Department; (5) North Carolina Attorney General Roy Cooper; (6) Deputy Attorney General John J. Aldridge, III; (7) Cumberland County District Attorney Ed Grannis; (8) Debra K. Price with the public defender's office; (9) David Smith with the public defender's office; (10) Sue Genrich Berry with the appellate defender's office; (11) Beth Rupp with the Department of Social Services; (12) Lelia Goode-Eatman with the Department of Social Services; (13) Rosemary ZimBreman with the Department of Social Services; (14) Dr. Laura Gutman with the Southern Regional AHEC; (15) Cumberland County Superior Court Judge James Floyd Ammons, Jr.,; (16) Assistant District Attorney Sharon R. Smith; and (17) Assistant District Attorney Kara Hodges.[1] Plaintiff sues each defendant in his or her individual capacity. Plaintiff essentially makes two separate claims – one for false arrest and another for malicious

---

[1] Plaintiff did not name Defendants Sharon R. Smith or Kara Hodges in the caption of his complaint but did include them as defendants in the body of his complaint.

prosecution in connection with his arrest for first-degree rape of a child, first-degree sexual offense with a child, and indecent liberties with a child. Plaintiff asserts that the arrest warrant in his case was not supported by probable cause and that Defendants knew of the lack of probable cause but nevertheless continued to prosecute the case.

Plaintiff seeks the following relief: (1) a permanent injunction against further violations; (2) for the Lumberton Police department to "develop a real world accountability system, training and enforce rule(s), regulation(s), and or code(s) and indiscriminately ensure that any and all employees in any capacity adhere[]" to the Constitution; (3) that the Lumberton Police Department "insur[e] officer[s] are trained and perform at all times to act/carry [sic] out their duties"; (4) "monetary damages" of $20,000,000.00; (5) compensatory damages of $20,000,000.00; (6) punitive damages of $20,000,000.00; (7) attorney's fees and costs; and (8) any other relief the court deems just and proper.

### III. Improper Defendants

#### A. Defense Attorneys

Plaintiff names three of his defense attorneys as defendants in this action: (1) Debra K. Price; (2) David Smith; and (3) Sue Genrich Berry. However, defense attorneys, whether privately retained or court appointed, do not act under color of state law as required under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321 (1981). Thus, the § 1983 claims should be dismissed against Defendants Debra K. Price, David Smith, and Sue Genrich Berry.

### B. Judicial Immunity

Next, Plaintiff brings claims against North Carolina Superior Court Judge James Floyd Ammons, Jr., for taking action under "deficient warrants," denying various motions and petitions, denying adequate counsel, and allowing "an unlawful prosecution to go forward." (Compl. at 20 [DE #1].)

"It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.*

The facts Plaintiff alleges establish that all of Plaintiff's claims arise from Judge Ammons' judicial actions. Plaintiff claims Judge Ammons acted in clear absence of jurisdiction, but alleges no facts indicating this is the case. Thus, Judge Ammons is entitled to judicial immunity, and the claims against him should be dismissed.

### C. Prosecutorial Immunity

Plaintiff also brings suit against three prosecutors: District Attorney Ed Grannis, and assistant district attorneys Sharon R. Smith and Kara Hodges.

5

"Prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 483 (1991) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). "The presentation of testimony and other evidence before an indicting grand jury is a prosecutorial activity 'intimately associated with the judicial phase of the criminal process.'" *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996) (citing *Imbler*, 424 U.S. at 430).

Plaintiff alleges that the prosecutors improperly relied on information from investigators, victims, and witnesses and that based upon this information, he was indicted on several charges. Plaintiff challenges the prosecutors' reliance on such evidence and their decision to seek an indictment against him. However, these decisions involve prosecutorial functions and are entitled to absolute immunity. Therefore, the claims against Ed Grannis, Sharon R. Smith, and Kara Hodges should be dismissed.

### IV. 42 U.S.C. § 1985

Plaintiff references § 1985(2), but he provides no facts indicating that Defendants conspired to deny Plaintiff equal protection under the law. (Compl. at 3-4.) Plaintiff merely provides the conclusory statement that Defendants conspired to arrest him without probable cause and proceed with an "illegal prosecution." Generally, a cause of action exists under § 1985 where two or more people conspire to interfere with an individual's civil rights. 42 U.S.C. § 1985. To state a § 1985 claim,

6

Case 5:14-cv-00587-FL   Document 6   Filed 04/24/15   Page 6 of 10

a plaintiff must allege facts sufficient to support a finding that there existed "an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Simmons v. Poe,* 47 F.3d 1370, 1377 (4th Cir.1995). In the instant case, Plaintiff has failed to allege facts showing any "meeting of the minds." Thus, Plaintiff's § 1985 claim should be dismissed as frivolous or for failure to state a claim.

V.     42 U.S.C. § 1983

    A.     Malicious Prosecution

Plaintiff attempts to bring a malicious prosecution claim against several defendants and asserts that their "actions and inaction were deliberate and collectively defeated the due course of justice" resulting in an unlawful indictment, trial, and conviction. (Compl. at 20.) However, to prevail on a malicious prosecution claim, a plaintiff must allege and prove that the prior criminal proceeding was terminated in favor of the accused. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

Here, in order to find Plaintiff's conviction unconstitutional, the court would necessarily have to render his conviction and sentence invalid. Thus, Plaintiff must

7

show that his case was terminated in his favor. However, Plaintiff makes no such showing. In fact, in his complaint, Plaintiff states that the North Carolina Court of Appeals found no error on direct appeal. (Compl. at 15.) Further, the Supreme Court of North Carolina denied Plaintiff a new trial based on his claims. (*Id.* at 16.)

Moreover, Plaintiff has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed on the merits by the Honorable Terrence W. Boyle. *Nackab v. Taylor*, No. 5:13-HC-2202-BO [DE #9], at *1, 6 (E.D.N.C. Dec. 14, 2014). Plaintiff subsequently appealed Judge Boyle's order, and his appeal is pending with the Fourth Circuit Court of Appeals.

Plaintiff has not made the requisite showing that his criminal case was terminated in his favor. Thus, Plaintiff's claim of malicious prosecution against Defendants should be dismissed.

### B. False Arrest

Plaintiff asserts a claim for false arrest claiming that neither the warrant nor the indictment was supported by probable cause. He breaks the defendants into two groups. The first group encompasses those that gathered evidence used to support probable cause, which Plaintiff asserts constituted an insufficient showing. Those individuals are: (1) Detective C.L. Hamilton; (2) Beth Rupp; (3) Lelia Goode-Eatmon; (4) Rosemary Zim-Breman; and (5) Dr. Laura Gutman. The second group consists of individuals that "had the authority and duty to right the malfeasance of the first group but refused to do so." (Compl. at 16.) Those defendants are: (1) Sheriff Earl R.

Butler; (2) Sgt. Tim Britt; (3) Attorney General Roy Cooper; and (4) Deputy Attorney General John J. Aldridge.

Under the *Rooker-Feldman* doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). A litigant cannot circumvent a state-court decision "by instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower court.'" *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997)). The controlling question under the doctrine is whether "'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual.'" *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (quoting *Ernst v. Child & Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997)). If the answer is yes, the *Rooker-Feldman* doctrine is implicated. *Id.* "The doctrine applies not only to matters directly addressed by the state court, but also to 'claims which are 'inextricably intertwined' with state court decisions.'" *Smalley v. Shapiro & 7 Burson, LLP*, 526 F. App'x 231, 236 (4th Cir. 2013) (quoting *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486-87 (1983)).

In support of Plaintiff's § 2254 motion filed with this court, Plaintiff submitted the order of the Superior Court of Cumberland County denying his Motion for Appropriate Relief. *See* Ex. 3 to Pl.'s Pet. Writ of Habeas Corpus, *Nackab v. Taylor*,

No. 5:13-HC-2202-BO, at *4 (E.D.N.C. filed Sept. 5, 2013). In that order, the court concludes: "The warrants and subsequent indictments are proper and valid." (*Id.* at 5.) Plaintiff's current § 1983 claim requests this court to address whether probable cause supported the arrest warrant and the indictment in his case. This would require the court to determine that the state court's previous judgment was erroneous and to render that earlier judgment ineffectual. Thus, Plaintiff's claim should be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's claims be DISMISSED pursuant to 28 U.S.C. § 1915A(b).

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 24th day of April 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge